IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WATSON PHARMACEUTICALS, INC., *et. al.,*<br><br>Defendants. | Civil Action No. 1:09-CV-955-TWT |

## ORDER

This action is before the Court on Plaintiff Federal Trade Commission's Motion to Modify Protective Order (Doc. No. 178), requesting that the Court unseal Exhibit A to the Second Amended Complaint. Having considered the FTC's motion, Solvay's opposition, the FTC's reply, along with the accompanying declarations and exhibits, and having heard the arguments of counsel at the hearing held on December 19, 2012:

1. Plaintiff Federal Trade Commission's Motion to Modify Protective Order is GRANTED and Exhibit A to the Second Amended Complaint is unsealed.

2. In reaching this decision, the Court finds:

    a. There is a presumption that documents relevant to legal decisions are public.

    b. The Supreme Court granted certiorari in this case on December 7, 2012.  It is in the public interest for the parties to be able to discuss in their briefing and in oral arguments to the Supreme Court the details of the economic and financial projections in Exhibit A.  The FTC may, for example, highlight the document as an illustration of its view that agreements like those at issue in this case are anticompetitive and in violation of the antitrust laws.  The defendants, on the other hand, may want to show, should they choose to make the argument, the power that patent exclusivity gives them.  This interest extends not just to the parties, but also to any amici, who should have access to the document and be able to discuss it openly in their briefing.

    c. The sensitivity of the information and the potential for competitive injury to Solvay if the information is disclosed has been reduced, although not eliminated, with the passage of time.  The Court takes very seriously Solvay's concerns, particularly about the effect of disclosure on competitors' pricing and on rebate negotiations, but the passage of time has reduced the likelihood of serious injury to Solvay in either of those areas.

    d. The weight to be given to the public's interest in knowing why decision-makers have made the decisions that they have made, or will make, has changed since the Court's earlier orders sealing the document.

   e. The public interest in making this record public outweighs the private interests of Solvay in its confidential information.

  3. Solvay's request for a temporary stay of this order and for temporary sealing of the transcript of the hearing on this motion so that Solvay may take an emergency appeal to the United States Court of Appeals for the Eleventh Circuit is GRANTED as follows:

   a. The Court will stay this order and seal the transcript of the hearing until January 2, 2013, at which time the stay will expire and the transcript will be unsealed, unless the Court of Appeals chooses to hear Solvay's emergency appeal.

   b. If, by January 2, 2013, the Court of Appeals chooses to hear Solvay's emergency appeal, the stay will automatically continue and the transcript will remain sealed until the Court of Appeals renders a decision.

   c. If the Court of Appeals does not take action by January 2, 2013, the stay will expire on that date.

SO ORDERED.

Dated: 12/31/2013       /s/Thomas W. Thrash
               Hon. Thomas W. Thrash, Jr.
               United Stated District Judge