IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ANDROGEL ANTITRUST LITIGATION (NO. II) | MDL DOCKET NO. 2084 ALL CASES |
| | 1:09-MD-2084-TWT |

ORDER

This is an MDL proceeding involving many individual and class actions asserting price-fixing antitrust claims. It is before the Court on the Plaintiffs' Motions for Relief for Indicative Ruling on Request for Relief From Judgment Pursuant to Rule 60(b)[Doc. 897 & 898]. The procedural posture of this case is familiar to everyone involved. The Plaintiffs want me to tell the Court of Appeals that I will grant their Rule 60(b) motion for relief from judgment if the Court of Appeals will remand the case to me for that purpose. The Defendants want me to deny the motions and let the Court of Appeals rule on the Plaintiffs' appeal from my summary judgment order on their sham litigation claims. But the Plaintiffs also appealed the judgments dismissing their reverse payment claims. Therefore, it is *inevitable* that the Eleventh Circuit will reverse and remand those claims. So, denying the motions for Rule 60(b) relief now accomplishes nothing but further delay; and everyone knows who profits from that.

The Defendants say that a post-judgment change in the law is not sufficiently extraordinary to justify Rule 60(b) relief. Well, it seems pretty extraordinary to me because the change in the law resulted from reversal of a judgment I entered in this case. That does not happen every day. The Defendants say that "[t]he remand Plaintiffs seek will also rob the parties and the Court of potential guidance from the Eleventh Circuit regarding how the *Actavis* decision applies to private plaintiffs' claims." As much as I would love some guidance from the Eleventh Circuit on how in the heck a trial judge (and a jury) is supposed to apply the *Actavis* decision to an actual case, I doubt that the Eleventh Circuit is going to jump into that briar patch until it has to. The Court of Appeals has the luxury of saying to me "You do it." And if it really wants to jump in the briar patch, the Court of Appeals can refuse to remand the case now.

The Defendants worry about giving the Plaintiffs a second bite at the apple if the Defendants win at trial on the reverse payments claim and if the Plaintiffs then win a sham litigation appeal. The confidence with which the Defendants prosecuted their sham litigation motions for summary judgment seems lacking now. I think that the chances of the Plaintiffs appealing in those circumstances are low and the chances of me being affirmed are high. So, I will grant the relief requested. The Plaintiffs' Motions for Relief for Indicative Ruling on Request for Relief From Judgment

Pursuant to Rule 60(b)[Doc. 897 & 898] are GRANTED.[1]  If the case is remanded to

me, I will grant Rule 60(b) relief.

 SO ORDERED, this 23 day of October, 2013.


   /s/Thomas W. Thrash
   THOMAS W. THRASH, JR.
   United States District Judge

---

[1]By the way, the four factors set out in Ritter v. Smith, 811 F2d 1398 (11th Cir. 1987) either weigh in favor of granting the motions or are inapplicable.