IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | Master Dkt. No. 1:09-md-2084-TWT ALL CASES |
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>vs.<br><br>**ACTAVIS, INC., et al.,**<br><br>Defendants. | Case Number: 1:09-cv-955-TWT |

# ORDER

This action came before the Court on Defendants Par and Paddock's (referred to collectively as ParPaddock) request for interlocutory appeal [Doc. 282] of this Court's denial of its motion to dismiss the Federal Trade Commission's complaint on *Noerr-Pennington* grounds [Doc. 281]. Having considered ParPaddock's motion and the FTC's opposition to it [Doc. 286], and having heard

oral argument on the issue, ParPaddock's request for interlocutory appeal is DENIED.

The controlling authority on applying 28 U.S.C. § 1292(b) in the Eleventh Circuit is *McFarlin v. Conseco Servs.*, 318 F. 3d 1251 (11th Cir. 2004).  In *McFarlin*, the Court identified the factors to consider when deciding whether to grant a request for interlocutory appeal.  *McFarlin* cites the Report of the Judicial Conference relied upon by Congress to enact the statute.  *McFarlin*, 318 F. 3d at 1257 (quoting 1958 U.S.C.C.A N. 5258, 5260-61).  The Report stated: "The appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided . . . ." *Id*.  The Eleventh Circuit also explained: "The great weight of [appellate court] review must be conducted after final judgment, with 1292(b) interlocutory review being a rare exception." *Id*. at  1264.

Whether articulated as a "strong presumption" against interlocutory review, as an "exceptional circumstance," or as "rare," it is clear that interlocutory appeal requires something beyond the ordinary run of litigation to succeed.  *Id.; see also Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1999 U.S. Dist. LEXIS 1368, *13 (N.D. Ga. Jan. 19, 1999).

Section 1292(b) has three elements, each of which must be satisfied. A district court may certify an interlocutory order for appeal only if the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In this case, there is no dispute that the *Noerr-Pennington* question is a controlling question of law. That element is satisfied. The crux of the argument centers around the other two elements.

As to the second element, there is no substantial ground for difference of opinion as to the question of law. The *Noerr-Pennington* issue was decided correctly and consistently with the only other two opinions that have applied *Noerr-Pennington* in this area. The fact that the law on *Noerr-Pennington* is sparse in this area is insufficient to automatically create a substantial ground for difference of opinion. If that were the test, this Court would certify questions all the time, because answering questions with little guidance is what this Court does on a daily basis.

The most compelling question is the third element – determining whether allowing interlocutory appeal may materially advance the ultimate termination of the litigation. Defendants have not satisfied that requirement. Because there are multiple parties and issues in this case, this case will go on regardless of whether

the *Noerr-Pennington* issue is certified for interlocutory appeal.  And ParPaddock will remain in the case for however long it would take the Eleventh Circuit to address the *Noerr-Pennington* claim.  So even as to ParPaddock, this will not substantially reduce the burden or expense of the litigation on those parties.

Moreover, while there is no hard-and-fast rule that certification is inappropriate as to issues that affect only one party in a litigation with more than two parties, that does not affect the outcome here.  ParPaddock will be involved in this litigation as a party or a non-party, and so granting the request for certification will result in no cost or resource savings to the parties or to the Court.

For these reasons, ParPaddock's request for interlocutory appeal is DENIED.

SO ORDERED.


Dated 5/20/2014                                                /s/ Thomas W. Thrash
                                                                       Hon. Thomas W. Thrash, Jr.
                                                                       United States District Judge